No. 183
SWETLAND v. MILES et al
Ohio Appeals, 5th Dist., Knox County
Nos. 192, 193 and 194. Decided Nov. 8, 1923

1271. WILLS—Heirs who set aside a will over one year after the administration of the estate of one of the legatees cannot recover back the money received by the heirs of that legatee—Requirement of 10876-77 and 78 GC. that action be brought within one year goes to the basis of plaintiff's right—Legatees liable under 10609 and 10635 GC., must refund— Heirs have to pay interest only from date will is set aside.

WASHBURN, J.          Epitomized Opinion
First Publication of this Opinion

Three separate actions were brought in Knox County Common Pleas.

First, by Harriet T. Miles to set aside the will of Phoebe Thompson.

Second, to hold the father of the Swetland girls liable for the distribution he had made of the estate of Mary T. Swetland, a daughter of Phoebe Thompson.

Third, to partition certain of the real estate of Phoebe Thompson, with a cross-petition asking that the Swetland girls and their father be required to pay back into the Thompson estate a part of what they had received therefrom. Also, that they be required to pay to the Thompson estate whatever they had received from the estate of Mary T. Swetland.

Phoebe Thompson died June 7, 1907, and her will was probated Dec. 31, 1907. She was survived by one daughter, Mary T. Swetland, and three granddaughters, viz., Harriet T. Miles, a minor, whose mother was dead, and Anna Gotshall and Harriet Swetland, daughter of Mary T. Swetland.

The estate of Phoebe Thompson was administered by the father of the Swetland girls, and bequests were paid to her daughter, Mary T. Swetland, and to Harriet T. Miles, Anna Gotshall and Harriet Swetland, granddaughters of Phoebe Thompson.

On Ju'y 25, 1912, Mary T. Swetland dies intestate and her estate was fully administered and the proceedings thereof approved by the Probate Court on May 8, 1913. Her estate was divided between her two daughters and her husband.

On May 5, 1919, Harriet T. Miles, having attained her majority, had the will set aside, establishing her right to one-half of the estate of Phoebe Thompson.

Later, an attempt was made to hold the father of the Swetland girls liable for the distribution he had made under the will of Phoebe Thompson.. That attempt was unsuccessful but he was required to turn back what he had received by way of special bequests.

Following this, a suit having been brought to partition certain real estate of Phoebe Thompson, a cross-petition was filed asking that the husband and daughters of Mary T. Swetland, deceased, be required to pay into the Thompson estate all that had been received by them in excess of what they were entitled to after the will had been set aside. This cross-petition also asked that they be required to pay in whatever they had received from the estate of Mary T. Swetland which came from the estate of Phoebe Thompson.

The trial court held that the two grandchildren, together with their father, must refund the amount in excess of one-fourth of Phoebe Thompson's estate and also refund one-half of the $9,000 which their mother, Mary Swetland, received under the will. In modifying the decision of the lower court, the Court of Appeals held:

1. When Phoebe Thompson's will was set aside after the settlement of the legatee, Mary Swetland's estate, the estate of Phoebe Thompson became a creditor of the estate of Mary Swetlanl and consequently, under the provisions of 10876-77 and 78 GC., a recovery against her heirs and husband could be had for a period of only one year after the administration of Mary Swetland's estate, and as a longer period of time had elapsed, her heirs and her husband were not liable for the sums which the said Mary Swetland received under the will of Phoebe Thompson.

2. The requirement of 10876-77 and 78 GC. that an action be brought within a year is not merely a limitation of the remedy, but a restriction qualifying the right of the action itself.

3. The grandchildren, Harriet Swetland and Anna Gotshall, were liable under 10609 or 10635 GC. for the property received directly from the estate and as legatees under the will of Phoebe Thompson, in excess of what they were entitled to as heirs of Phoebe Thompson, and they should refund what each received in excess of the one-fourth interest of the estate of Phoebe Thompson.

4. Interest began to run on the sums of money wrongfully held by Harriet Swetland and Anna Gotshall from the date of setting aside of Phoebe Thompson's will and not from

## STATE COURT OF APPEALS—Continued

the date that the legacies were paid under said will.

Attorneys—C. H. Workman, Mansfield, for Swetland; Robert L. Carr, Mt. Vernon, for Miles et al.